UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Andrea P., <br><br> Plaintiff, <br><br> v. <br><br> Kilolo Kijakazi, Acting Commissioner of Social Security, <br><br> Defendant. | Civil No. 3:22-cv-00354-SRU <br><br><br><br><br><br><br> March 14, 2022 |

**ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

The plaintiff, Andrea P.,[1] has moved for leave to proceed *in forma pauperis* – in other words, she has asked the Court for permission to start a civil case without paying the customary filing fee. A federal law permits her to do so if, among other things, she submits an affidavit listing her assets and showing that she is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

To show that she is "unable to pay," the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but she does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that the plaintiff "cannot because of [her] poverty pay or give security for the costs and still be able to provide [her]self and [her] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1] Pursuant to Chief Judge Underhill's January 8, 2021 Standing Order, the Plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

In determining whether a plaintiff's financial circumstances meet these standards, courts consider not only her personal resources, but also the resources of persons who support her. *See, e.g., Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision). In other words, "[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 16-CV-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018).

In this case, the plaintiff submitted a financial affidavit stating that she is unemployed, and has been for over three years. (ECF No. 2, at 3.) She reported $572 in monthly government cash benefit income, and $459 in monthly income from food stamps. (*Id.*) She claimed to own no real estate, and said that she had only $367.79 in the bank, including her minor son's savings account. (*Id.* at 3-4.)

Yet the affidavit also discloses that the plaintiff receives $1,100 in monthly support from her parents. (*Id.* at 5.) It also states that she owns a 2020 Hyundai Kona SUV worth $19,000. (*Id.* at 4.) While she claims to have no equity in it (*id.*), her ability to secure a $19,000 (or more) in financing seems inconsistent with her claim to pauper status, and suggests additional support from her parents. Moreover, the undersigned has concerns about the accuracy of her claim that she does not own any real estate. A search of the Brookfield land records reveals that the plaintiff and her parents are record owners of the condominium in which she lives, having purchased it for $265,000 in 2018. *See* https://brookfield.mapxpress.net/ags_map/PDF/103368-propcard.pdf (last visited

March 13, 2022).[2]  I am thus skeptical that she has completed the affidavit with the "particularity, definiteness, and certainty" that the law requires.  *DiRubba v. DiRubba.,* No. 3:22-cv-00181, slip op. at 7 (D. Conn. Mar. 8, 2022) (quoting *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015)).

As submitted, the plaintiff's affidavit does not demonstrate an entitlement to *in forma pauperis* status.  The Court therefore orders that, by March 28, 2022, the plaintiff must either pay the filing fee or submit a revised affidavit.  If she chooses the second option, the revised affidavit must (a) fully and candidly set forth her assets, liabilities and income, to include an explanation why she claimed to own no real estate when the Brookfield land records say that she is part owner of her condominium unit; and (b) provide a statement of her parents' resources and their ability/inability to pay the filing fee.  *Fridman*, 195 F. Supp. 2d at 537.  The plaintiff is respectfully advised that, if she neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, her case may be dismissed.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge

---

[2]  A court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (citing *Shmueli v. City of New York,* 424 F.3d 231, 233 (2d Cir.2005)); Fed. R. Evid. 201(b) (permitting judicial notice of facts "not subject to reasonable dispute"); *Found. Cap. Res., Inc. v. Prayer Tabernacle Church of Love, Inc.,* No. 3:17-CV-00135 (JAM), 2021 WL 3863428, at *7 (D. Conn. Apr. 30, 2021), (taking judicial notice of "incorporation records from the Secretary of the State's 'C.O.N.C.O.R.D.' website."), *report and recommendation adopted*, No. 3:17-CV-00135 (JAM), 2021 WL 3861794 (D. Conn. Aug. 30, 2021).